(*) MAHONEY, *Complainant, versus* CROWLEY.

A bastardy process pertains to the civil and not to the criminal department of the law.

Of such a process, the Court, at a term held for the transaction of *criminal business,* has no jurisdiction, and its proceedings thereon are merely void.

Mahoney *v.* Crowley.

On Exceptions from *Nisi Prius*, Appleton, J.

Bastardy Process.

The respondent was examined before the Police Court of Bangor, and was ordered by that Court to give bond for his appearance at this Court at its term to be held Nov. 1852, "for the transaction of *criminal* business."

The complaint was entered at that term. The respondent moved that it be dismissed for want of jurisdiction, alleging that it pertained, not to the criminal, but to the civil department of the law. The motion was overruled, and the respondent excepted, the verdict being against him.

*Peters*, for the respondent.

*Wakefield*, for the complainant.

Shepley, C. J. — The Act of April 9, 1852, provides, that terms of Court shall be holden in this and certain other counties "for the transaction only of the civil business of said Court," and that certain other terms shall be holden "for the transaction of all the criminal business thereof." The question presented is, whether the Court, at a term holden for the transaction of criminal business, had jurisdiction of a prosecution for the maintenance of bastard children.

The question has been fully considered and decided by the Courts in New Hampshire, Massachusetts and Connecticut, upon statutes containing provisions much like our own. The reasons for those decisions have been so fully and ably stated, that no one can be expected to add much to them. Those that have been and may be assigned for the conclusion, that such a prosecution is comprehended in the terms, "all crimes and offences," or in the terms, "every other matter or thing of a criminal nature," are in substance, that the statute of Massachusetts authorizing it was entitled, "an Act for the punishment of fornication and for the maintenance of bastard children;" that cognizance of the subject had in that State been vested in a Court of criminal jurisdiction for nearly two centuries; that the prosecution originates in a transaction by law deemed to be criminal; that it is commenced by com-

plaint, upon which a warrant is issued for the apprehension of the person who is arrested and forthwith carried before a magistrate for examination ; that the officer who arrests cannot take bail ; that the accused may be committed to prison, if he does not give bond for his appearance at Court to answer to the charge ; that when found to be guilty, the judgment is not simply for the payment of money, but that he is the putative father of the child ; that it is not enforced by a writ of execution ; that upon failure to comply with the order of the Court he is immediately committed.

The reasons for a different conclusion are in substance, that in this and the other States the Acts contain no provision for the punishment of any offence or of either party ; that the process is not commenced by or in the name of the State ; that it cannot be commenced or controlled by the State or by any of its officers ; that the female cannot be compelled to commence it or to testify respecting it ; that when the case is presented in Court it cannot proceed upon the complaint alone, but she must file a declaration, as in a civil suit, which may be amended as in civil suits ; that when she has a husband he must be joined in the process ; that she may discontinue the proceedings unless prevented by statute provisions ; and may discharge the judgment ; that the accused is not arraigned as a criminal or treated as such ; that he may appear and plead by attorney ; that juries for the trial of such issues are not impanneled as in criminal cases ; that the judgment is not a sentence upon conviction for a crime, but only is an award to pay a sum of money to the other party, and to save the town harmless from expense for support of the child ; that depositions, have always been used, on such trials, as in civil cases, without any special provisions of statute ; that costs are awarded to the prevailing party as in a civil suit ; that the bond to be given is not to the State, but to the female ; that the purpose and end of the prosecution is not punishment for an offence, but only to compel the father to contribute to the support of his child ; that a pardon by the executive could have no effect upon the

proceedings; that, when a party for his own purposes is authorized by law to use a process assimilated in form to criminal process, it does not thereby become a criminal matter or criminal business.

It is admitted, in the decided cases, that such a prosecution partakes partly of a criminal and partly of a civil character. Whenever the Legislature of a particular State has recognized it as pertaining to its civil or criminal business, the Courts of that State may properly so regard it.

By the Courts of Connecticut and New Hampshire, it has been decided to be of a civil, and not of a criminal nature. *Hinman* v. *Taylor*, 2 Conn. 357; *Marston* v. *Jenness*, 11 N. H., 156. In the Court of Massachusetts, the decision has been different. *Hill* v. *Wells*, 6 Pick. 104; *Cummings* v. *Hodgdon*, 13 Met. 246; *Smith* v. *Hayden*, 6 Cush. 111.

In this State, it will be difficult to come to a conclusion, that such a prosecution is a part of the criminal business of the State, without overruling former decisions of this Court.

It was said in the case of *Mariner* v. *Dyer*, 2 Greenl. 165, "this process is regarded as a civil remedy, and for that reason, depositions which can be used only in civil causes, are received in prosecutions of this sort."

In the case of *Low* v. *Mitchell*, 18 Maine, 372, the Court held, that it was not designed to punish the accused for a crime, but to make him, if found to be guilty, contribute to the support of the child; and that the general character of the accused was not admissible in evidence, it being regarded as a civil suit.

In the case of *Robinson* v. *Swett*, 26 Maine, 378, it became necessary to decide, whether the complainant and accused were parties interested in cases, of which the Municipal Court of Portland had jurisdiction. The opinion declares "a bastardy prosecution is a case, and it is not a criminal proceeding."

In the case of *Eaton* v. *Elliot*, 28 Maine, 436, the question presented was, whether the District Court had power to set aside a verdict rendered in such a prosecution. It appeared,

that this Court was authorized by statute, c. 123, § 1; to grant reviews "in all civil actions, including petitions for partition," and "including also prosecutions for the maintenance of bastard children." The second section of the same statute authorized a Justice of the District Court to "grant reviews of actions of the kinds, and under the circumstances in the preceding section." The Court considered, that the Legislature designed to include such prosecutions in the actions designated. The opinion states, "the process is criminal in form, but it is well settled, that in substance it is a civil remedy, having all the incidents of civil process."

The Court was assisted to come to such a conclusion by remarks made by the Court of Massachusetts in decided cases.

The opinion in the case of *Wilbur* v. *Crane*, 13 Pick. 284, had stated, "the process is in some respects in the form of a criminal prosecution. But we consider the form of process immaterial; the suit is in substance and effect a civil suit; as much so as it would have been, if the remedy provided were a special action on the case."

The opinion in the case of *Williams* v. *Campbell*, 3 Met. 209, states, "we are however of opinion, that this process is essentially of the nature of a civil action, although in the forms of proceeding it more resembles a criminal prosecution." It was considered to be comprehended in the statute provision, that "all transitory actions" might be brought in the county where one of the parties lived.

If the Court, in this State, for the transaction of criminal business, should be considered to have jurisdiction of such a prosecution, it would seem to follow, that the forms of trial in criminal cases must be applicable, and this would be at variance with established and uniform practice in such cases. As by our Legislature as well as by our Courts, the prosecution appears to have been regarded as a civil suit and included in civil actions, before the passage of the Act of 1852, it must be considered as included in the civil business of the Court.

If such should be the conclusion, the counsel for the complainant desires, that the case may be transferred to the docket

for the civil business, that judgment may be entered upon the verdict there. This the Court cannot do. The whole proceedings in the Court for the transaction of criminal business, must be considered as unauthorized by law and therefore void. The accused has not been required to appear or answer in the Court for the transaction of civil business.

*Exceptions sustained, verdict set aside, and the proceedings dismissed.*

TENNEY, WELLS, HOWARD, RICE and HATHAWAY, J. J., concurred.

