## STATE *vs.* JOHN SULLIVAN.

Bastardy complaints, though in form criminal proceedings, are in effect civil.

A bastardy complaint was brought under Public Laws R. I. cap. 288, § 2, of March 19, 1873, by the overseer of the poor. Pending the proceedings the complaining officer died.

*Held,* that the complaint abated.

A recognizance taken under Public Laws R. I. cap. 288, § 4, of March 19, 1873, required the putative father to appear before the Court of Common Pleas at the term thereof "next after the birth of said child."

*Held,* that the recognizance was properly taken.

EXCEPTIONS to the Court of Common Pleas.

This case was a complaint and warrant brought under Public Laws, cap. 288, § 2, of March 19, 1873. The complaint, as provided by the statute, was made by "George A. Simmons, overseer of the poor of the city of Newport." The record in the Justice Court of Newport shows that the defendant was arraigned, pleaded not guilty, "and recognized with surety in the sum of $500, to personally appear at the next term of the Court of Common Pleas after the birth of the child." Pending the proceedings Simmons died. The case was heard at the May Term of the Court of Common Pleas for the county of Newport, A. D. 1878, and was brought to this court upon the defendant's exceptions.

*Newport, September* 27, 1878. DURFEE, C. J. This is a proceeding in bastardy under Pub. Laws, cap. 288, March 19, 1873. It comes before us on exceptions to rulings in the Court of Common Pleas.

The first exception shows that at the time the complaint was made and first heard the child had not been born; and accordingly the defendant was required, as provided by § 4 of said chapter 288, to give recognizance for his appearance before the court of Common Pleas at the term thereof "next after the birth of said child," the condition of the recognizance following in this respect the language of the statute. In the Court of Common Pleas, when the defendant was called, his counsel moved the court to quash the recognizance as void for uncertainty in respect to the time for appearance. The court denied the motion and the defendant excepted.

We think the motion was rightly denied. It may have been impossible, when the recognizance was taken, to fix the time for

appearance by date. It was enough, therefore, for the justice, following the statute, to recognize the defendant to appear at the term next after the birth of the child, for the birth of the child, when it occurred, would determine the term. The maxim *Id certum est quod certum reddi potest*, is a sufficient warrant for this. And see *Seale* v. *McClanahan*, 21 Ala. 345, 348 ; *People* v. *Mitchell*, 4 Sandf. 466.

The other exception shows that the complainant was dead when the complaint came on for trial in the Court of Common Pleas. The defendant moved the court to dismiss the complaint on that account, and the court denied the motion. We think this was error. The proceeding, though it resembles in form a criminal prosecution, is in substance and effect civil. *Wilbur* v. *Crane*, 13 Pick. 284 ; *Williams* v. *Campbell*, 3 Met. 209 ; *Stokes* v. *Sanborn*, 45 N. H. 274 ; *Mahoney* v. *Crowley*, 36 Me. 486. It abated, therefore, on the death of the complainant. And this view is confirmed by § 10 of cap. 288, which provides that the defendant, if acquitted, shall recover costs. After the death of the complainant no judgment for costs could go against him. We find no provision under which the proceeding can be revived and prosecuted by the new overseer, and therefore, inasmuch as it would be useless to grant a new trial, the proceeding must be dismissed.

*Second exception sustained and proceeding dismissed.*

*Francis B. Peckham, Jr.*, for plaintiff.

*William P. Sheffield*, for defendant.